**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KAEDEN KACIAK, ZOIYAH MATHIS, CHRISTOPHER CLEMONS, JORGE IBARRA-MENDOZA, CLIFFORD ROBINSON, LISSELLE ANDERSON, TRINITY SHAIN, ADAM ACOINE, JONATHAN GIL, NICOLAS GARCES and KERSTIN BARRETT,

        Plaintiffs,

v.                                          Case No:   6:23-cv-1200-CEM-LHP

TAB RESTAURANT GROUP, LLC,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 21)
>
> **FILED:** October 16, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

**I. BACKGROUND**

On June 28, 2023, the 11 above-named Plaintiffs, each of whom worked as cooks, servers, bartenders, dishwashers, and/or cashiers for Defendant, a restaurant located in Winter Park, Florida, filed a putative collective action complaint against Defendant, alleging claims for unpaid overtime and minimum wages (Count I) and illegal kickbacks (Count II), both in violation of the Fair Labor Standards Act ("FLSA") (Count II).  Doc. No. 1.[1]  Defendant did not respond to the Complaint despite being properly served, *see* Doc. No. 10, and therefore Clerk's Default was entered against Defendant on August 11, 2023.  Doc. Nos. 15-17.

On October 16, 2023, Plaintiffs filed a motion for entry of final default judgment against Defendant.  Doc. No. 21.  The motion was referred to the undersigned and is now ripe for review.  However, three issues with Plaintiffs' motion preclude the undersigned from recommending that the Court enter default judgment in Plaintiffs' favor.  The undersigned will address each issue in turn.

*A.  FLSA Coverage*

First, Plaintiffs fail to adequately allege in the complaint that they or Defendant are covered by the FLSA.  "The FLSA requires employers who meet its

---

[1] No person has filed a notice to opt-in and Plaintiffs have not moved for collective action certification.

preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. §§ 206(a), 207(a)). "A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or that the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation." *Thompson v. Healthy Home Env't, LLC*, No. 8:15-cv-2905-T-27JSS, 2016 WL 4472991, at *2 (M.D. Fla. July 27, 2016) (citing *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)), *report and recommendation adopted*, 2016 WL 4473162 (M.D. Fla. Aug. 23, 2016).

As it relates to the second requirement, in order to be eligible for unpaid minimum wage or overtime under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

To demonstrate enterprise coverage, the employee must show that:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta*, 2009 WL 4349806, at *2 (citations omitted); *see* 29 U.S.C. § 203(s)(1). "District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *Id.* (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute and must gross over $500,000 annually.")).

Plaintiffs' complaint does not sufficiently allege either individual or enterprise coverage under the FLSA. Rather, the only allegations contained in the complaint that could arguably relate to this requirement are as follows:

> 5. Lead Plaintiffs (and the other individuals that would ultimately comprise the collective and class members) are currently, or were at one time, individuals employed by [Defendant] as cooks, servers, bar tenders, dishwashers, cashiers and so forth that were paid on an hourly basis, received W2s, and shared in the pool of tips paid by patrons of the restaurant (hereinafter, the "Collective"), who were not paid all compensation lawfully earned by and due them.
>
> 6. Lead Plaintiffs and each member of the Collective are individual[s] that are currently employed by [Defendant], or were employed by [Defendant], at any time from June 2020 to the entry of judgment in this case (the "Collective Period").
> . . . .
>
> 9. Lead Plaintiffs and each of the Collective was employed by [Defendant] as hourly, nonexempt employees, hired to perform the typical restaurant services for patrons of the Twisted Root Burger Co. such as (a) taking customer orders; (b) serving food and beverages to patrons; (c) bartending duties; (d) cashier duties; (e) cooking the food; and (f) busing tables.
>
> . . . .
>
> 14. [Defendant's] unlawful compensation practices violate the FLSA, which obligates [Defendant] to pay nonexempt employees, including overtime and minimum wages, for all hours worked.
> . . . .
>
> 24. [Defendant] was or continues to be the employer of Lead Plaintiffs and the Collective, the individuals that would comprise the members of the collective action within the meaning of FLSA 29 U.S.C. §203(d).

>25. Lead Plaintiffs and the Collective were or continue to be "employees" of TAB within the meaning of FLSA, 29 U.S.C. § 203.

Doc. No. 1 ¶¶ 5–6, 9–11, 14, 24–25.

These allegations, which merely state in conclusory fashion that Defendant is an employer under the FLSA and that Plaintiffs are employees under the FLSA, are insufficient to establish FLSA coverage. More specifically, Plaintiffs provide no allegations even suggesting that Plaintiffs were engaged in activities of interstate commerce, or that Defendant was engaged in interstate commerce and/or grossed over $500,000 annually. The absence of such allegations is fatal to their motion for default judgment. *See, e.g.*, *Cloer v. Green Mountain Specialties Corp.*, No. 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (finding conclusory allegations regarding FLSA individual and enterprise coverage insufficient and denying without prejudice motion for default judgment); *De Lotta*, 2009 WL 4349806, at *2–3 (conclusory allegations of FLSA coverage were insufficient to support default judgment).

Plaintiffs cannot cure the deficiencies in their complaint via assertions in their motion and/or in any attached affidavits or declarations. *See* Doc. No. 21, ¶¶ 12–13; Doc. No. 21-1. The question of whether Defendant can be held liable for the claims asserted in the complaint is determined solely by the well-pleaded allegations in the complaint, not by supporting evidence. *See Nishimatsu Constr.*

*Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.");[2] *see also Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding that the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint); *Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011) (finding that because certain assertions of fact were in an affidavit attached to motion for default judgment and were not alleged in the complaint, defendant was not deemed to have admitted them by virtue of its default), *report and recommendation adopted*, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011).

Because Plaintiffs' complaint does not adequately allege that either Plaintiffs or Defendant are covered by the FLSA, the motion for default judgment must be denied. Any renewed motion must explain, with citation to relevant legal authority, how the allegations of the complaint sufficiently establish individual and/or enterprise coverage under the FLSA.

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

*B.     Count II*

Second, Plaintiffs appear to allege in Count II that Defendant violated 29 C.F.R. § 531.35, a Department of Labor regulation that states "'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.'  The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."   29 C.F.R. § 531.35.   *See also Aguiar v. BT'S on the River, LLC*, No. 22-CV-23111-KMW, 2023 WL 4014816 (S.D. Fla. May 25, 2023) (discussing "illegal kickbacks" claims and violation of the "free and clear" requirements of 29 C.F.R. § 531.35).   With respect to the allegations set forth in the complaint, Plaintiffs merely allege that Defendant "routinely and systematically made illegal deductions to the Lead Plaintiffs and the Collective's pay without reason or description – a benefit kicked-back directly to [Defendant] as described above."   Doc. No. 1, ¶ 40.   Plaintiffs further allege that they were "routinely forced to kick-back their wages to [Defendant], which consequently benefit the employer to the detriment of the employee," and that such "erratic and unlawful deductions" of Plaintiffs' "earned wages" was a willful violation of § 531.35.   *Id*. ¶¶ 41–42.   Plaintiffs provide no further detail.

Instead, Plaintiffs attempt to provide additional information in their motion and supporting declaration, *see* Doc. No. 21, at 12 (citing Doc. No. 21-1, ¶¶ 10–28). But again, liability in the default judgment context is determined solely via the well-pleaded allegations in the complaint, and cannot be supplemented by outside materials. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206l; *Pinnacle Towers LLC*, 2015 WL 7351397, at *2; *Sabili*, 2011 WL 940230, at *3. Given the conclusory allegations of the complaint, the Court is unable to ascertain whether Plaintiffs have sufficiently alleged a claim of illegal kickbacks that would support the entry of default judgment. Notably, other than a citation to 29 C.F.R. § 531.35 itself, Plaintiffs provide no legal authority to support this claim in their motion. A renewed motion must explain, with citation to applicable legal authority, how the allegations of the complaint — and not any outside materials — establish a prima facie case of liability under 29 C.F.R. § 531.35. *See, e.g.*, *Armand v. LifeStance Health Grp., Inc.*, No. 6:23-CV-103-PGB-EJK, 2023 WL 7411427, at *3 (M.D. Fla. Oct. 27, 2023) (discussing elements of a claim under 29 C.F.R. § 531.35 in the motion to dismiss context).

C. *Damages*

Third, Plaintiffs do not include a sufficient damages calculation in their motion for default judgment. Where a plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679,

681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543–44. However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). *See also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

Plaintiffs attach to their motion for default judgment a partial calculation of their damages (Doc. No. 21-2) but explain they "are still in the process of trying to

- 10 -

gather information and evidence related to their unpaid wages." Doc. No. 21, at 6 n. 6. Because Plaintiffs currently only possess "limited time and payroll records," they request "a hearing to determine the amount of damages owed by the Defendant." *Id*. at 6. But given the nature of this case, it would appear that Plaintiff's claims are for a liquidated sum, and that the damages can be established with mathematical certainty, including liquidated damages and attorney's fees and costs, via the submission of further evidence, which can take the form of affidavits attached to a renewed motion. *See Schmitt v. Courtesy Professional Sec., Inc.*, No. 6:18-cv-493-Orl-37TBS, 2018 WL 5268755, at *2 n. 2 (M.D. Fla. August 22, 2018) ("Plaintiff['s] use of estimates to arrive at his damage calculation is acceptable in the FLSA context where the employer does not maintain or produce accurate time records, as alleged here."); *Ramirez v. Raptor Technology Group, Inc.*, No. 5:12-cv-100-Oc-34TBS, 2012 WL 2589256, at *3 (M.D. Fla. June 8, 2012) ("In light of Defendant[s'] failure to appear and come forward with evidence to rebut this amount and show the precise amount of work performed by Plaintiff, Plaintiff's affidavit is sufficient to carry her burden of proof regarding the amount of [unpaid minimum wages] due." (citing *Donald v. Park & Fly, LLC*, No. 3:10-cv-41-J-34MCR, 2011 WL 6027014, at *3 (M.D. Fla. Nov. 7, 2011))).

Thus, a renewed motion should include evidence sufficient to establish to a mathematical certainty the full amount of damages to be awarded to each Plaintiff

as to each claim, including fees and costs. Alternatively, if Plaintiffs still believe an evidentiary hearing is necessary, a renewed motion must contain additional argument, with citation to applicable legal authority, establishing the need for such a hearing.

## II. CONCLUSION

For the reasons set forth above, it is **ORDERED** that:

1. Plaintiffs' Motion for Final Default Judgment (Doc. No. 21) is **DENIED WITHOUT PREJUDICE**.

2. Within **thirty (30) days** of the date of this Order, Plaintiffs may file a renewed motion for default judgment which addresses, with citation to applicable legal authority, the issues addressed in this Order. Specifically, the amended motion for default judgment must demonstrate, with pinpoint citations to the complaint and legal authority, coverage under the FLSA and entitlement to the relief requested in each count of the complaint. To the extent liability is established, the renewed motion shall also provide damages calculations, supported by evidence, which may take the form of Plaintiffs' affidavits, or in the alternative a more fulsome and legally supported explanation as to why such damages calculations cannot be provided. Finally, to the extent that Plaintiffs seek attorneys' fees and costs, Plaintiffs shall address fees and costs in any renewed motion, which also must be supported by appropriate evidence. Plaintiffs may not

rely on or incorporate by reference any previously filed motions or materials, the renewed motion must stand on its own merits.

3. Alternatively, within **thirty (30) days** of the date of this Order, Plaintiffs may file an amended complaint, should they deem it necessary to do so, which must be served on Defendant as required by the Federal Rules of Civil Procedure.

**4.** **The failure to comply with this Order in the time provided may result in a recommendation that the case be dismissed for failure to prosecute.**

**DONE** and **ORDERED** in Orlando, Florida on January 24, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties